## PRESUMPTION AS TO ACCOMMODATION ENDORSEE.

Circuit Court of Cuyahoga County.

THE FOREST CITY SAVINGS & TRUST COMPANY v. ALEXANDER
CAMPBELL.

Decided, June 7, 1909.

*Promissory Note—Accommodation Endorsee Told That Note Had
Been Paid—Estoppel—Presumption.*

1. In a suit by a bank against an accommodation endorsee of a note who defends on the ground that he went to the bank to pay the note when it was due and was told that it had been paid, it is not competent for the bank to introduce in evidence a memorandum in writing made by its secretary and treasurer and pinned to the note, to the effect that extension of time of payment had been consented to and reduction of interest had been made.

2. To work an estoppel there must be prejudice to the party setting up the estoppel, as well as fraud or bad faith, or their equivalent—gross negligence—in the party to be estopped.

3. The presumption is that an accommodation endorsee of a note, who offered to pay it when due and was told that it had been paid, would have proceeded against the makers of the note to recoup himself, if he had been required to pay the note, and this is so even though the makers of the note were his sons.

*Smith, Taft & Arter,* for plaintiff in error.
*Westenhaver, Boyd, Rudolph & Brooks,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The bank sued Campbell as guarantor of a promissory note executed by Campbell Brothers, a contracting firm composed of his two sons. Campbell answered admitting the execution and endorsement of the note, but alleging that he endorsed the note for accommodation merely, as was known by the bank, and further alleging that at the maturity of the note he went to the bank and offered to pay it, but was told by its secretary and treasurer that the note had been paid, relying upon which statement he took no steps to compel the payment of the note by his sons who were then solvent, but who became insolvent about

fifteen months later.    A reply filed by the bank put these alle-
gations in issue.    The trial resulted in a verdict for the defend-
ant, and the first claim of error is that the verdict is not sus-
tained by sufficient evidence.    Upon this point, without stating
the facts shown in evidence, we think that from the testimony of
the defendant, his son-in-law, Kidd, and the admitted coarse of
dealing between Campbell Brothers and the bank, which made
the firm's collections for it, kept its books at the bank and made
credits from time to time .as notes matured, and other circum-
stances shown in evidence, the jury might well have found as it
did.

There are several rulings on evidence which require examina-
tion.

The secretary and treasurer of the bank had pinned a memo-
randum upon the note reading as follows:    "On October 8, 1900,
Mr. Alex Campbell called at the bank and consented to the
indefinite extension of this note, but the interest should be re-
duced to six per cent."    This memorandum was offered in evi-
dence as tending to confirm the secretary's testimony that he
had not told Mr. Campbell that the note was paid, but on the con-
trary had arranged with him for an extension of time at a
lower rate of interest.    The memorandum was excluded, and
rightly, we think.    It was a self-serving statement and no more
competent than would have been a letter to the same effect from
the secretary to some other official of the bank.

Nor was it competent to show by members of the bank's
finance committee what took place at their meeting on October
8, 1900, regarding this note.    Campbell was not present at the
meeting, and so was not bound by what then took place.    Had
the minutes of said meeting made any reference to the note,
they might perhaps have been admitted as entries in books of
the bank regularly kept and made at the time, but even such
entries would fail to prove that Campbell had agreed to an ex-
tension of time on the note, though they might bind the bank.

Some fault is found with the charge.

Speaking of the note and its endorsement, which was a guar-
antee of payment, the court said:    "I say 'endorsed or guar-

anteed,' because for the purpose of this law suit, it is immaterial whether it be a simple, plain endorsement, or a guarantee of payment of the note.''

No prejudice could have resulted from the remark, for the defendant did not deny his liability on the note, if the estoppel from the conduct of the bank in telling him the note was paid, was not established.

We find more difficulty in the following part of the charge:

"I further say to you that in order to find for the defendant it is not necessary that you should find that, as a matter of fact, he would have proceeded against Campbell Brothers and made good his loss by reason of his obligation on said note prior to the bankruptcy of said firm.   It is sufficient if you find that he had a legal right to so proceed against said firm, and that said firm had assets and property sufficient to cover his loss.''

Taken by itself, at first reading it would seem that the court had intimated that the estoppel was complete, even though Campbell would not have acted upon the conduct of the bank, to his detriment.   Such, of course, is not the law of estoppel. To work an estoppel there must be prejudice to the party setting up the estoppel, as well as fraud or bad faith, or their equivalent, gross negligence in the party to the estoppel.

But the clause quoted, if carefully examined, does not go the extent claimed.   Whether Campbell would or would not have proceeded against his sons, had he paid the note on the day he went to the bank prepared to pay it, was a matter for him to determine after he had been there.   The presumption is that he would have collected from his sons, for they were then abundantly able to pay him and no contrary presumption arises from the mere relationship of the parties; but he was cut off by the statement of the bank from taking any steps or even from considering what he would do.   The language of the court, while unfortunate enough to bother a reviewing court, could not have misled the jury, when taken in connection with the balance of the charge, as to which no fault is found.   The court intended, by the clause complained of, to tell the jury that it need not speculate as to what course Campbell would have pursued pro-

vided it found that he could have recouped himself, and in this the court was justified, there being no evidence that he would not have proceeded against his sons and the presumption being that he would have taken steps to make them pay him.

There are no other claims of error and the judgment is affirmed.